IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41005
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK EVERETT FETZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-165-ALL
--------------------
April 26, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mark Everett Fetz appeals his conviction by a jury and sentence for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Fetz contends that the evidence was insufficient to show that he knowingly possessed a handgun, and that the district court erred in determining his sentence because it assigned criminal history points for two prior offenses that should have been considered "related" under the sentencing guidelines.

Because Fetz moved for a judgment of acquittal at the close

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Government's evidence and at the close of all of the evidence, we view all of the evidence and reasonable inferences drawn therefrom in the light most favorable to the Government and affirm the judgment if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). The Government was required to prove three elements in order to sustain the conviction: (1) that Fetz has been convicted of a felony; (2) that he possessed a firearm in or affecting interstate commerce; and (3) that he knew he was in possession of the firearm. See United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988). Fetz argues that the Government did not show that he knowingly possessed a firearm. Possession of the firearm may be actual or constructive. See United States v. Mergerson, 4 F.3d 337, 348-49 (5th Cir. 1993).

The Government adduced evidence at trial showing that a loaded handgun was found in a box under Fetz's bed in the room he occupied. The handgun was discovered when Fetz asked arresting officers to retrieve his money from the box prior to taking Fetz to jail. The testimony of the arresting officers showed that while Fetz denied owning the gun, he told the officers that it had been given to him to protect the property. Thus, a rational jury could infer from the evidence that Fetz knowingly possessed control over the gun. See United States v. DeLeon, 170 F.3d 494, 497 (5th Cir. 1999).

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. A

sentence will be upheld unless it was imposed in violation of law, was an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline. See United States v. Hernandez-Guevara, 162 F.3d 863, 877 (5th Cir. 1998).

Fetz argues that the district court should have treated two prior sexual-offense sentences as related under United States Sentencing Guidelines § 4A1.2(a)(2). Prior sentences are related if they result from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. USSG § 4A1.2, comment. (n.3). "Although the facts surrounding the cases may be similar, similar crimes are not necessarily related crimes. A relatedness finding requires more than mere similarity of crimes." United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992) (quotation marks, alteration, and citations omitted); see also United States v. Mota-Aguirre, 186 F.3d 596, 600 (5th Cir. 1999). Further, the fact that two sentences were imposed on the same day and ran concurrently is not determinative of the question whether the two criminal cases were consolidated for sentencing. See Mota-Aguirre, 186 F.3d at 600.

Fetz's two prior convictions involved conduct which occurred at different times and involved different victims. Their distinctiveness is indicated by the fact that they were identified by separate docket numbers. The fact that the two offenses involved similar conduct and that concurrent sentences were imposed on the same date is insufficient, under this court's

jurisprudence, to indicate that the two cases were consolidated for sentencing, nor does it show that the offenses were necessarily part of a common scheme or plan. See Mota-Aquirre, 186 F.3d at 600. Fetz has not shown that the district court erred in calculating his criminal history score.

AFFIRMED.