IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10110
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO GUTIERREZ-CARDONA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:01-CR-145-1-Y)
--------------------
August 1, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Antonio Gutierrez-Cardona (Gutierrez) appeals his conviction and sentence for illegal reentry following deportation. Gutierrez argues that his sentence should be vacated because the district court erred in computing his criminal history at sentencing and, in the alternative, that his conviction and sentence are void in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Gutierrez concedes that his second argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

states that he raises the issue to preserve it for possible review by the Supreme Court.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

As for the sentencing issue, the district court did not err in determining that Gutierrez's two prior convictions for burglary of the same business are not "related cases" within the meaning U.S.S.G. § 4A1.2(a)(2). United States v. Mota-Aquirre, 186 F.3d 596, 600 (5th Cir. 1999); United States v. Ford, 996 F.2d 83, 86 (5th Cir. 1993).

AFFIRMED.