**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-50112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN O. SIMMONS,

Defendant-

Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-237-ALL
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
December 2, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin O. Simmons appeals the district court's decision to sentence him as a career offender

and, alternatively, to depart upward from the guidelines to arrive at a sentence of 194 months of

imprisonment. Specifically, Simmons challenges the finding that his two prior bank robbery

convictions in 1991 were not consolidated for sentencing and therefore not related under U.S.S.G.

§ 4A1.2(a)(2). Simmons argues that the two prior bank robbery convictions are "related" under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4A1.2 because there was factual connexity between his 1991 robberies in that he robbed two banks within hours on the same day, using the same note, and he confessed to both at the same time. Also, he pleaded guilty to them at a single proceeding, under a single plea agreement, both charges were set for a single sentencing hearing, one PSR was prepared for both offenses, and the court announced a single 84-month sentence for both offenses. This argument lacks merit. Simmons' prior offenses are factually distinct. They were simply the same type of offense in temporal proximity. See e.g., United States v. Mota-Aguirre, 186 F.3d 596, 600 (5th Cir. 1999); United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999). Also, when factually distinct offenses are sentenced "on the same day and/or in the same proceeding," those offenses are not considered related under § 4A1.2. See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998).

Simmons' argument that the district court failed to give acceptable reasons for its alternative upward departure also lacks merit. The court adopted, both at sentencing and in subsequent written reasons for sentence, the reasons set forth in the Government's sentencing memorandum. The Government relied on unscored offenses noted in the presentence report, arguing that Simmons' criminal history substantially underrepresented the seriousness of his criminal past and the likelihood that he would commit other crimes. See United States v. De Luna-Trujillo, 868 F.2d 122, 124-25 (5th Cir. 1989). It also relied on prior leniency from the judicial system, as well as Simmons' abysmal record on supervision. See United States v. Carpenter, 963 F.2d 736, 744 (5th Cir. 1992); United States v. Roberson, 872 F.2d 597, 606 & n.8 (5th Cir. 1989). The Government relied on Simmons' violent felonious conduct during the pendency of this case. See United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993). Finally, it relied on the need to protect the public. See United States v. Rosogie, 21 F.3d 632, 634 (5th Cir. 1994); Roberson, 872 F.2d at 606 n.8; United States v. Fisher,

868 F.2d 128, 130 (5th Cir. 1989).  In light of the factors set forth by the Government, a departure to a 194-month sentence was not unreasonable.  See United States v. Ashburn, 38 F.3d 803, 810 (5th Cir. 1994).  The district court did not abuse its discretion in finding that an upward departure would be reasonable absent career-offender status.  See Koon v. United States, 518 U.S. 81, 96-100 (1996).

AFFIRMED.