# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40678
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE ANZUETO-BARRIOS, also known as Jose Adolfo Perez-Vasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-388-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Jose Anzueto-Barrios pleaded guilty to being found in the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 37 months of imprisonment with no supervised release. Anzueto-Barrios argues that the district court misapplied the Sentencing Guidelines when it added two points to his criminal history score under U.S.S.G. § 4A1.1(d)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he was no longer under his sentence of probation for his 2007 California conviction.

Section 4A1.1(d) of the Sentencing Guidelines provides that two points shall be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Application Notes state that § 4A1.1(d) applies "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation." § 4A1.1, cmt. n.4. For purposes of § 4A1.1(d), if a defendant commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant), he shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent the violation warrant. U.S.S.G. § 4A1.2(m); *see also* § 4A1.1, cmt. n. 4.

In August of 2007, Anzueto-Barrios was sentenced to 50 days in custody, which sentence was suspended, and he was placed on probation for 36 months. Anzueto-Barrios was deported on November 2, 2007. His term of probation was revoked in absentia, and an arrest warrant was issued and remained outstanding pending his sentencing on the probation violation. Based on these facts, Anzueto-Barrios argues that § 4A1.1(d) and § 4A1.2(m) do not apply because his probation was revoked and there was no longer an outstanding probation violation warrant. The Government argues that the warrant for Anzueto-Barrios's arrest pending sentencing on the probation revocation was outstanding and that his original judgment and sentence were in full force and effect when he committed this § 1326 offense. Because the parties do not dispute the facts but only whether the particular Guideline applies based on

those facts, we review this issue de novo. *United States v. Gonzales*, 40 F.3d 735, 738 (5th Cir. 1994), *abrogated on other grounds by United States v. Dunigan*, 555 F.3d 501 (5th Cir. 2009).

Anzueto-Barrios cannot avoid the 2-point enhancement at issue here; his attempt is an exercise in creative labeling and nothing more. The Sentencing Guidelines provide that "[w]here a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c) if a sentence resulting from that conviction otherwise would be countable." § 4A1.2(a)(4). The revocation of Anzueto-Barrios's probation placed him in the same position as if he were convicted awaiting sentencing: a lawful, valid judgment against him for which he is yet to be sentenced. That is, he was essentially "convicted" for violating his probation. If a conviction is countable before sentencing, then a defendant is under a "criminal justice sentence" before sentencing for purposes of § 4A1.1(d), whether it is an original sentencing or a sentencing on a probation violation.

This commonsense holding also avoids creating perverse incentives. In *United States v. Anderson,* 184 F.3d 479, 481 (5th Cir. 1999) (internal quotations omitted), we held that

> [i]n determining whether an outstanding violation warrant triggers a two-point increase, the Guidelines do not require us to assess the state authorities' diligence in executing a violation warrant. Rather the two-point increase applies to any defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding.

If Anzueto-Barrios's probation violation warrant had been pending upon his illegal reentry and had not been acted upon with the in absentia revocation, then § 4A1.1(d) and § 4A1.2(m) would apply based on *Anderson*. However, in this case, although the term of probation was revoked, an arrest warrant

pending sentencing on the probation revocation was issued and still in effect. Under Anzueto-Barrios's proposal if the State does not act with diligence on a revocation warrant, the existence of the outstanding warrant means that the defendant is still under a criminal justice sentence under § 4A1.1(d), but if the State moves forward with the revocation in absentia, revokes probation, and issues an arrest warrant for the defendant pending sentencing on the probation violation, the defendant is no longer under a criminal justice sentence. Such a result would be incoherent.

Further, Anzueto-Barrios was under a criminal justice sentence within the meaning of § 4A1.1(d) based on his original 50-day sentence. Under California law, if a sentence has been imposed and its execution suspended, as was done in this case, the revocation of the suspension brings the former judgment into full force and effect. *See People v. Howard*, 946 P.2d 828, 832 (Cal. 1997). Anzueto-Barrios argues that the summary revocation of his probation should not be treated as automatically imposing the previously imposed but suspended custody sentence; however, he does not explain what his status would then be post-revocation and pre-sentencing. The original criminal justice sentence of 50 days of imprisonment did not cease to exist upon the summary revocation of his probation. Upon revocation of his probation, Anzueto-Barrios was, by operation of law, "under" his original "criminal justice sentence."

We reached a similar conclusion in *United States v. Mota-Aguirre*, 186 F.3d 596, 598-99 (5th Cir. 1999). The defendant there was granted an "Out-of-Country Conditional Pardon," releasing him from prison for immediate deportation; the sentence remained in effect while the defendant was granted liberty from confinement as long as he abided by the specified restrictions contained in his pardon. He violated those conditions when he illegally

No. 14-40678

reentered the United States six months after his conditional pardon. *Id.* at 598-99. We concluded that the district court properly classified the conditional pardon as a criminal justice sentence under § 4A1.1(d). *Id.* at 599. Similarly, Anzueto-Barrios was sentenced to 50 days of imprisonment, suspended in favor of probation, but he was determined to have violated his probation, and the original sentence remains effective for purposes of § 4A1.1(d). *See Howard*, 946 P.2d at 832.

We conclude that Anzueto-Barrios was under a criminal justice sentence—either by virtue of the probation violation or his original 50-day sentence—within the meaning of § 4A1.1(d) when he reentered this country illegally. The district court did not err in applying this Guideline adding two points to his criminal history score.

**AFFIRMED**.