**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Archie Isibore Emmanuel ROSOGIE, a/k/a Cedric Demone Nelson, Dosa Archie Rosogie, Defendant–Appellant.**

No. 93–1495
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 16, 1994.

Rehearing Denied June 13, 1994.

---

Archie Rosogie, pro se.

Michael Snipes, Asst. U.S. Atty., Richard H. Stephens, U.S. Atty., David Blackorby, Asst. U.S. Atty., Dallas, TX, for appellee.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

## BACKGROUND

Appellant Rosogie pleaded guilty to possession of stolen mail, unlawfully remaining in the United States after deportation, and making a false statement on a passport application. In consideration for the plea, the Government dismissed the eight remaining counts of the indictment against him. The district court adopted the factual findings in the presentence report and found a total offense level of 12 (after affording him a one-level reduction for acceptance of responsibility) and a criminal category of VI (based on 23 criminal history points). The offense level and criminal history category resulted in a sentencing guideline range of 30 to 37 months. The district court departed upward and imposed a sentence of 150 months imprisonment, 30 months supervised release, restitution of $14,440.95, and a mandatory special assessment.

On appeal, Rosogie argues that the court abused its discretion in upwardly departing from the sentencing guidelines; the court erred in calculating the loss amount used to determine his offense level; the court abused its discretion in awarding restitution; the district judge erred in not recusing himself; trial counsel gave ineffective assistance; and government officials seized property from Rosogie and his wife without probable cause. We affirm.

## DISCUSSION

### I. Upward Departure

■ Appellant contends that the district court abused its discretion in departing upward and gave inadequate reasons for departure. The district court may depart from the sentencing guidelines due to aggravating or mitigating circumstances not considered or inadequately considered by the guidelines. U.S.S.G. § 4A1.3. We review the decision to depart for abuse of discretion. *United States v. Laury*, 985 F.2d 1293, 1310 (5th Cir.1993). Under this standard, a departure will be upheld if (1) the district court provided acceptable reasons for the departure, and (2) the extent of the departure was reasonable. *Id.* The reasons given by the trial court are findings of fact, which we review for clear error. *Id.*

■ Appellant's 12 offense level and 23 criminal history points, which yielded a criminal history category of VI, resulted in a guideline range of 30 to 37 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). The district court departed by adding one offense level for each criminal history point above the thirteen points required to reach category VI, and assessing four additional levels for the following reasons. Appellant's criminal history points were almost double those necessary for category VI. Appellant used twenty-six different aliases, had been convicted of more than ten crimes in a ten-year period, had been imprisoned in three state systems and had been deported twice. Appellant's deceptive, fraudulent offenses and criminal history were of the kind and to the degree that were not adequately taken into consideration by the sentencing guidelines. Furthermore, Appellant presented a high risk of recidivism and nothing short of incarceration (not even deportation) stopped him from committing additional crimes. On this record, these reasons are adequate and the extent of departure is reasonable and not an abuse of discretion.

### II. Loss Calculation

The presentence report, adopted by the district court, calculated a victim loss attributable to Appellant's crime of $75,134.45. The loss calculation of over $70,000 increased Appellant's offense level by eight points. *See* U.S.S.G. § 2B1.1(b)(1)(I). Appellant contends that the district court erred in computing his victim loss because the presentence report reflected a total loss of $71,892.97, not $75,134.45. Our review of the presentence report reveals that Appellant's contention is without merit. Furthermore, even if Appellant were correct, the error would be harmless because the loss calculation would still be over $70,000.

Next, Appellant argues that the district court erred in including a stolen U.S. Treasury check, in the amount of $8,814. as relevant conduct under § 1B1.3(a)(1)(A) and (B) of the guidelines. Appellant argues that because the check is the basis of a pending state prosecution against him, it should not be included as relevant conduct in the current federal proceeding. We disagree.

■ We have not previously addressed the propriety of using as relevant conduct information from related pending state charges. We have determined that a sentencing court can use facts relating to a charge for which a defendant has been acquitted in determining an appropriate sentence. *United States v. Juarez–Ortega*, 866 F.2d 747, 749 (5th Cir.1989). Additionally, it is clear that if an individual is separately punished for conduct that violates the laws of dual sovereigns there are no double jeopardy issues raised thereby. *United States v. Moore*, 958 F.2d 646, 650 (5th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 647, 126 L.Ed.2d 605 (1993). The Second Circuit has considered the issue raised by Appellant and has ruled that information from a pending state prosecution on a related offense may be used as relevant conduct. *United States v. Caceda*, 990 F.2d 707, 709 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993). We agree and adopt that rule for this Circuit.

### III. Other Issues

We have carefully considered the other issues raised by Appellant and find them to be totally without merit and unnecessary to discuss.

## CONCLUSION

For the foregoing reasons, the district court decision is

AFFIRMED.