IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50304
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD THOMAS GARY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. A-93-CR-161 and A-97-CR-137
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Thomas Gary ("Gary") has appealed the district court's judgment sentencing him following: (1) the revocation of the supervised release term imposed for his conviction for making a false statement to influence the action of a bank and (2) his guilty-plea conviction for theft of mail.

Because Gary's brief fails to assert an argument challenging the sentence imposed following the revocation of the supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release term in his false statement case, Gary's appeal of that sentence has been abandoned. See Fed. R. App. P. 28(a)(9)(A); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

With regard to his sentence for theft of mail, Gary asserts that the district court failed to adequately explain its reasons for upwardly departing from the applicable sentencing guideline range and that the extent of the upward departure was unreasonable. A district court's decision to depart from the sentencing guidelines is generally reviewed for abuse of discretion. United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc). However, since Gary failed to raise his present arguments below, review is for plain error. See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998).

The district court based its upward departure on the grounds that Gary's criminal history category did not adequately reflect the seriousness of Gary's past criminal conduct or the likelihood that Gary would commit other crimes. The district court's reasons for departure were acceptable and adequately explained. See U.S.S.G. § 4A1.3; United States v. Chappell, 6 F.3d 1095, 1102 (5th Cir. 1993); Ashburn, 38 F.3d at 809. Furthermore, the extent of the upward departure, from a maximum guideline sentence of 21 months' imprisonment to 36 months' imprisonment, was reasonable. See id. at 805-06; United States v. Rosogie, 21 F.3d 632, 634 (5th Cir. 1994); United States v. Lambert, 984 F.2d 658, 664 (5th Cir. 1993).

In light of the foregoing, the district court did not err, plainly or otherwise, in upwardly departing from the applicable

guideline range.  <u>Ashburn</u>, 38 F.3d at 807.  The judgment of the district court is AFFIRMED.