IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50035

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEGRIA, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-00-CR-168)

_____

July 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Alegria, Jr., appeals his sentence from his plea of guilty of distribution of more than 500 grams of cocaine.[1]  In sentencing Alegria, the district court departed upward and sentenced him to 210 months' imprisonment.  We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 21 U.S.C. § 841(a)(1).

I

In this case, the district court briefly explained the reasons

for departing:

> I find, specifically on the record before me, that the
> Criminal History Category of VI did not accurately reflect the
> seriousness of this defendant's conduct or the likelihood that
> he will commit other crimes.
> He has eight drug convictions, three unlawful carrying weapon
> convictions, a terrorist threat conviction, evading arrest,
> two DWI pending cases, and driving while suspended is one of
> those, and 19 other cases, 14 of which we can't even find
> dispositions of.

The "19 other cases" the court mentioned were Alegria's 19 arrests

between 1993 and 1997. The PSR did not indicate that any of these

arrests resulted in conviction. Alegria's offense level of 27 and

criminal history category of VI yielded a sentencing range of 120

to 162 months. The district court departed upwards 3 levels and

sentenced Alegria to 210 months, the maximum of the resulting

range.

II

At sentencing, the district court must "state in open court

the reasons for its imposition of the particular sentence."[2] When

the district court departs from the sentencing range prescribed by

the Sentencing Guidelines, the court must state its specific reason

for the departure.[3] We review a district court's imposition of

---

[2] *United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994) (en banc)
(quoting 18 U.S.C. § 3553(c)).

[3] *See Ashburn*, 38 F.3d at 807.

sentence, including an upward departure, for abuse of discretion.[4] The district court does not abuse its discretion in departing from the Guidelines "if the district court offers 'acceptable reasons' for the departure and the departure is 'reasonable.'"[5]

The district court correctly concluded that the Guidelines expressly authorize an upward departure when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes."[6]

Although the Guidelines forbid the consideration of the defendant's prior arrest record[7] and the district court mentioned the defendant's arrest record, we cannot conclude after review of the entire record of the sentencing that the district court relied on the arrest record in departing upward. Alegria had 12 prior convictions, resulting in 16 criminal history points.[8] Alegria's sentences for his past conduct were very brief, and thus the district court was justified in concluding that Alegria's criminal history score did not adequately reflect the seriousness of his

---

[4] *See id.*

[5] *Id.*

[6] U.S.S.G. § 4A1.3.

[7] U.S.S.G. § 4A1.3 ("[A] prior arrest record itself shall not be considered under § 4A1.3.").

[8] Four of the convictions were not counted as separate sentences for purposes of the Sentencing Guidelines. *See* U.S.S.G. §§ 4A1.1, 4A1.2(a)(2).

record.   Further, the district court's comments about Alegria's arrests were merely in response to argumentation by the defense.[9]

<h1 style="text-align:center">III</h1>

Alegria also argues that the district court failed to comply with the requisite methodology for determining the extent of the departure and that the extent of the departure was unreasonable. When making an upward departure above criminal history category VI pursuant to section 4A1.3, the district court should consider each incremental offense level and explain why the resulting range from each lower offense level is inadequate and why the chosen level is appropriate.[10]   This court does not, however, ordinarily "require the district court to go through a ritualistic exercise in which it mechanically discusses each" rejected offense level on the way to the selected level.[11]

Although in this case the district court did not explicitly address each possible offense level, the district court's analysis was implicit and sufficient.  The district court raised Alegria's offense level by one for each criminal history point in excess of the threshold for category VI.[12]

---

[9] For the same reasons, even if there was error, the error was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992).

[10] *See United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

[11] *Id.* at 663.

[12] *See United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc); *United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994) (affirming the addition of one offense level for each criminal history point above 13).

IV

Finding no abuse of discretion by the district court, we AFFIRM.