**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-30217**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAVID J. MARSHALL,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(96-CR-50060-1)**

August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For his guilty-plea conviction for bank robbery, David J. Marshall appeals his sentence of 150 months' imprisonment, resulting from an upward departure from the guideline range.

An upward departure is reviewed only for an abuse of discretion. **United States v. Ashburn**, 38 F.3d 803, 807 (5th Cir. 1994) (en banc), _cert. denied_, 514 U.S. 1113 (1995). If the district court gives acceptable reasons for the departure and it is reasonable, we will affirm. **Id.**

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marshall contends the district court gave inadequate departure reasons. The court found Marshall's criminal history score (V) underrepresented his criminal history and inadequately reflected his propensity for recidivism. *See* U.S.S.G. § 4A1.3. At sentencing, Marshall admitted his involvement in 12 prior armed bank robberies. Only five were prosecuted to conviction, and they resulted in a three-year sentence. Within approximately three months after Marshall's release from prison, he committed the present offense. Marshall was 24 years old at the time of sentencing. In the light of this record, the court's departure reasons were adequate. *See United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994).

Marshall next claims the court failed to comply with the requisite methodology for determining the extent of the departure. As is well-established, we do not "require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects." *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). As Marshall concedes, it is apparent from the record that the district court utilized a seven-step sequence to arrive at a guideline range containing the 150-month sentence. Because we can ascertain a basis by which the district court rejected category VI and intermediate offense levels to reach the sentence, its implicit methodology was sufficient. *See id.*

Finally, Marshall maintains the extent of the departure was unreasonable (from a range of 63 to 78 months up to the 150 months). In the light of the aforementioned evidence of Marshall's criminal conduct, which was not reflected in the criminal history calculation, and Marshall's propensity for recidivism, the district court did not abuse its discretion. *See* **United States v. Daughenbaugh**, 49 F.3d 171, 175 (5th Cir.), *cert. denied*, 516 U.S. 900 (1995); **Ashburn**, 38 F.3d at 810.

**AFFIRMED**

3