IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21313
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

     versus

VERNON EARL BROOKS,

                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-547-ALL

_____

September 5, 2002

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Vernon Earl Brooks has appealed his guilty-plea conviction and
sentence for possession of a firearm as a convicted felon, in
violation of 18 U.S.C. § 922(g)(1).  We affirm.

     Brooks contends that he is entitled to replead because the
district court failed to advise him of the length of the prison
term he could receive if the court were to revoke his term of

_____

     [*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release, although it did inform him that on such revocation the court could "send you back to prison."[1]

We apply a plain error analysis because the said omission was not objected to in the district court. *United States v. Vonn*, 122 S.Ct. 1043, 1046 (2002), *United States v. Reyes*, ___ F.3d ___ (5th Cir. June 12, 2002, No. 01-50737), 2002 WL 1290864. Under this analysis, Brooks has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001). If these factors are established, the decision to correct the forfeited error still lies within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To evaluate the effect of any error on substantial rights, we determine whether "the district court's flawed compliance with . . . Rule 11 . . . may reasonably be viewed as having been a material factor affecting [the defendant]'s decision to plead guilty." *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993). "[W]e focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Bond*, 87 F.3d 695 (5th Cir. 1996). In making this determination, we may consult the

---

[1]The court also asked defense counsel if he thought further advice of rights under Rule 11 was required, and counsel responded in the negative.

whole record on appeal. *Vonn*, 122 S.Ct. at 1046; *Johnson*, 1 F.3d at 302.

In making this determination, the court in *Bond* considered factors such as the defendant's failure to allege that full compliance with Rule 11 would have affected his decision to plead guilty, defendant's extensive criminal history, and that the evidence that he had committed the underlying offense was strong. *Bond*, 87 F.3d at 702. All of these factors apply with equal force to Brooks. While Brooks' brief alleged he was "prejudiced" by the omission of a judicial admonishment as to the exact amount of prison time that would result from revocation of supervised release, it is not explicitly alleged that he would have pleaded differently had this admonishment been given. Defendant's criminal history is lengthy and the sufficiency of the evidence he committed the underlying offense has not been challenged. Finally, in comparison to the district court's alleged failure to inform Bond of the statutory minimum for the offense he had committed which was not deemed to affect his substantial rights, the error here is more attenuated, as a longer sentence than Brooks was advised of will only materialize if he violates the terms of supervised release, a matter entirely within his control. As such, this error appears no more harmful than the error in *Bond*, and arguably less so. Therefore, although the district court committed error, it most likely did not affect Brooks' substantial rights, and we conclude

that the error is not one which seriously affects the fairness, integrity or public reputation of judicial proceedings.

Brooks contends that the district court reversibly erred in sentencing him under the guidelines, by departing upward five offense levels pursuant to U.S.S.G. § 4A1.3. There was no abuse of the district court's wide discretion, however, because the court gave acceptable reasons for departing and the extent of the departure is reasonable. *See United States v. Route*, 104 F.3d 59, 64 (5th Cir. 1997); *United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994).

Brooks contends that the district court abused its discretion by including a provision in the written judgment directing him to pay the expense of the drug-treatment program that the court orally imposed at sentencing. In the alternative, Brooks contends, the district court impermissibly delegated to the probation office its authority to set the amount and timing of payments for the court-ordered drug/alcohol detection and treatment services. This court recently rejected such claims in *United States v. Warden*, 291 F.3d 363 (5th Cir. 2002).

Brooks contends that the district court committed plain error by accepting his guilty plea because the factual basis presented by the Government failed to establish the interstate-commerce element of 18 U.S.C. § 922(g)(1). He concedes that this contention is foreclosed by *United States v. Daughtery*, 264 F.3d 513 (5th Cir.

2001), *cert. denied*, 122 S.Ct. 1113 (2002), and he has raised it only to preserve it for further review.

The judgment of the district court is hereby

AFFIRMED.