IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50129
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL RAMON QUIROZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-207-ALL-SS
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Daniel Ramon Quiroz appeals his sentence following pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court abused its discretion in departing upward three offense levels, pursuant to U.S.S.G. § 4A1.3.

The district court found that Quiroz's criminal history category of VI underrepresented his prior conduct. The court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also noted that Quiroz's criminal history indicated little likelihood that he would change.  A district court's decision to depart from the guideline range is reviewed for abuse of discretion.  United States v. Cade, 279 F.3d 265, 270 (5th Cir. 2002).

If the district court provides acceptable reasons for its departure and the degree of departure is reasonable, the district court has not abused its discretion.  United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997).  A court's determination that a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct is a finding of fact reviewed for clear error.  United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993).

Quiroz argues that his criminal history was not serious and egregious so as to warrant the departure.  Quiroz was convicted of 11 offenses in seven years.  His record includes convictions for a violent offense and several offenses that potentially endangered others' lives.  This court has affirmed departures much greater than that imposed on Quiroz for other non-violent criminals.  See, e.g., United States v. Rosogie, 21 F.3d 632, 634-35 (5th Cir. 1994).

Based on Quiroz's extensive criminal history, the district court's findings are not clearly erroneous.  The three-level departure was reasonable and not an abuse of discretion.  The sentence imposed by the district court is AFFIRMED.