United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-51035
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR NAIN ARROYO-VILLAFANA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-166-ALL
--------------------

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Hector Nain Arroyo-Villafana ("Arroyo") appeals the sentence imposed following his guilty plea conviction for illegal re-entry into the United States after commission of an aggravated felony. Arroyo challenges both the reasons for and the extent of the district court's upward departure pursuant to U.S.S.G. § 4A1.3. He also contends that the sentencing provision found in 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b)(2) is unconstitutional based on Apprendi v. New Jersey, 530 U.S. 466 (2000).

Contrary to Arroyo's contentions, the record shows that the district court did not base its decision to depart upwardly on speculation that Arroyo had further unknown convictions or place the burden of proof on Arroyo to show that he would not commit future crimes. The district court properly considered Arroyo's use of multiple aliases and dates of birth in determining that his criminal history category did not adequately reflect the likelihood that he would commit other crimes. See United States v. Rosogie, 21 F.3d 632, 634 (5th Cir. 1994).

Given Arroyo's 13 prior convictions, four deportations, 19 criminal history points, and use of numerous aliases and dates of birth, the district court's conclusion that Arroyo's criminal history category failed to adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes is not clearly erroneous. See id.; United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993). While the guidelines did incorporate some of Arroyo's criminal history into his offense level, the district court's findings provided justification for the upward departure, given Arroyo's criminal history points and the relatively small adjustment to his offense level. See United States v. Ford, 996 F.2d 83, 87-88 (5th Cir. 1993). Accordingly, the district court's decision to depart

upwardly was not an abuse of discretion.  See id.; Laury, 985 F.2d at 1310.

The extent of the district court's departure was reasonable and within the wide discretion afforded to the district court. See United States v. Hawkins, 87 F.3d 722, 728 (5th Cir. 1996); Rosogie, 21 F.3d at 634.  The district court properly remained within the guidelines by departing to a higher offense level within criminal history category VI.  See United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc).  While the district court did not explicitly explain why intermediate offense levels were rejected, we have rejected the notion that a district court, when departing on the basis of U.S.S.G. § 4A1.3, must "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects."  Id.

Arroyo concedes that his argument that 8 U.S.C. § 1326(b)(2) is unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  As Arroyo acknowledges, this court must follow Almendarez-Torres "unless and until the Supreme Court itself

determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

For the foregoing reasons, Arroyo's sentence is AFFIRMED.