United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41427
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SCOTT RONALD BRASLAU,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-105-1
---------------------

Before WIENER, DeMOSS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Scott Ronald Braslau (Braslau) appeals his sentence imposed

following his guilty-plea conviction for one count of theft of

United States mail, a violation of 18 U.S.C. § 1708.  Braslau

argues that the district court erred by relying on improper

factors when it departed upward on the ground that his criminal

history category under-represented the seriousness of his

criminal history.  Specifically, Braslau contends that the

district court improperly departed because it did not personally

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agree with the applicable guidelines.  Braslau further argues that the district court improperly focused on the number of prior convictions, rather than their nature, in deciding to depart upward.  Lastly, Braslau contends that the district court did not state its reasons on the record for rejecting intermediate base-offense levels.  For these reasons, Braslau requests this court to vacate his sentence and remand for resentencing.

The district court gave acceptable reasons for its departure, and the extent of the departure was reasonable.  *See* United States v. Rosogie, 21 F.3d 632, 633-634 (5th Cir. 1994).  Although the district court's reasons for rejecting the intervening levels could have been more explicit, the record presents a sufficient basis upon which this court may reasonably conclude that the district court throughly considered the appropriate guidelines in arriving at its ultimate sentence.  *See* United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993).  Because the district court did not plainly err in upwardly departing, Braslau's sentence is AFFIRMED.  *See* United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

AFFIRMED.