United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30676
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH HUNTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-281-ALL-I
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Keith Hunter appeals the sentence imposed after he pleaded guilty to three counts of trafficking in cocaine, heroin, and marijuana. He contends that there was no valid basis for the district court's upward departure from the recommended sentencing guideline range based on the facts of his particular case and that the degree of departure was excessive. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review <u>de novo</u> whether there was a sufficient basis for the departure, while the degree of departure is reviewed for abuse of discretion.[1]

The district court appears to have relied in part on Hunter's extensive prior arrest record, contrary to U.S.S.G. § 4A1.3. However, any error was harmless. The district court properly relied on the similarity of Hunter's prior convictions to the present conviction, Hunter's failure to satisfy parole requirements, and the lack of a deterrent effect of prior lesser punishments.[2] The court's reliance on these valid and sufficient reasons convinces us that the court would have imposed the same sentence even without reliance on any invalid factors.[3]

We also conclude that the degree of departure, from a range of 33-41 months to 87 months, was not unreasonable or an abuse of discretion.[4]

The judgment of the district court is AFFIRMED.

---

[1] <u>See</u> 18 U.S.C. § 3742(e); <u>United States v. Bell</u>, __F.3d__, No. 03-20194 (5th Cir. May 19, 2004), 2004 WL 1114580, *3.

[2] <u>See</u> <u>United States v. De Luna-Trujillo</u>, 868 F.2d 122, 125 (5th Cir. 1989) (similarity); <u>United States v. Lee</u>, 358 F.3d 315, 328-29 (5th Cir. 2004) (prior lenient penalties); <u>United States v. Ford</u>, 996 F.2d 83, 87-88 (5th Cir. 1993) ("repeated parole violations").

[3] <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

[4] <u>Cf.</u> <u>United States v. Rosogie</u>, 21 F.3d 632, 633-34 (5th Cir. 1994); <u>United States v. Daughenbaugh</u>, 49 F.3d 171, 174-75 (5th Cir. 1995).