United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30676
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-281-ALL-I

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Keith Hunter challenges his sentence on grounds that it was imposed in violation of his Sixth Amendment right to jury trial. We affirm.

Hunter pleaded guilty to three counts of trafficking in cocaine, heroin and marijuana. He was assessed a base offense level of thirteen and a criminal history category of IV, resulting in a Guideline range of 33 to 41 months. At sentencing, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

district court found that Hunter's "criminal history category does not adequately reflect the seriousness of his past criminal conduct of the likelihood that he will commit other crimes." The court then reviewed Hunter's numerous past drug-related convictions and prior arrest and concluded that a sentence of 87 months' imprisonment was appropriate.

Hunter appealed his sentence on grounds that there was no valid basis for the district court's upward departure, and that the degree of the departure was excessive. We held that the district court erred in relying on Hunter's prior arrest record, but found this error to be harmless in light of the court's further reliance on the similarity of Hunter's prior convictions to the present offense, his failure to satisfy parole requirements, and the lack of a deterrent effect of prior lesser punishments.[1] The Supreme Court vacated and remanded[2] for further consideration in light of *United States v. Booker*.[3] We requested supplemental letter briefs.

On remand, Hunter argues that his sentence is illegal under *Booker* in three ways. First, he claims that the district court calculated his base offense level using marijuana quantities that were neither charged in the indictment nor admitted as part of his guilty plea. Second, he contends that the district court erred by

---

[1] *United States v. Hunter*, No. 03-30676, 2004 WL 1598773 (5th Cir. July 19, 2004) (unpublished).

[2] *Hunter v. United States*, 125 S. Ct. 1056 (2005).

[3] 125 S. Ct. 738 (2005).

departing upward on the basis of judicial fact-findings regarding the nature of his prior convictions. Third, he urges that the district court erred by treating the Sentencing Guidelines as mandatory.

*Booker* provides that when a judge increases a defendant's sentencing range under a mandatory Guidelines regime based on facts not found by a jury or admitted by the defendant, the resulting sentence violates the defendant's Sixth Amendment right to a jury trial.[4] Because Hunter did not object to his sentence on Sixth Amendment grounds before the district court, our review is for plain error only.[5] "We find plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights."[6] "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[7]

With respect to Hunter's first argument, we find that the district court committed plain error when it enhanced his

---

[4] *See United States v. Bringier*, 405 F.3d 310, 316 (5th Cir. 2005).

[5] *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

[6] *United States v. Infante*, 404 F.3d 376, 394-95 (5th Cir. 2005) (citing *United States v. Olano*, 507 U.S. 725, 732-37 (1993)).

[7] *Mares*, 402 F.3d at 520 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

3

Guidelines range based on facts not admitted by him or found by a jury.[8] However, Hunter has failed to show "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."[9] Here, the judge found that even with the enhancement, Hunter's Guidelines range failed to reflect the seriousness of his prior criminal record and the likelihood that he would recidivate. Further, the court explicitly found that a sentence of 87 months' imprisonment was "appropriate." There is nothing in the record to indicate that the court would have arrived at a lesser sentence had it started from a lower "point of departure."

Hunter's second point of error is likewise unavailing. Although the court sentenced Hunter under a mandatory Guidelines regime, it exercised its discretion in crafting a sentence that it believed would be appropriate in light of the specific nature of Hunter's past record. There is nothing in the record to suggest that the court would have given a lesser sentence under an advisory Guidelines regime.[10] Lastly, to the extent that Hunter's third point of error implies that sentencing under a mandatory Guidelines

---

[8] *See Infante*, 404 F.3d at 394; *Mares*, 402 F.3d at 520.

[9] *Infante*, 404 F.3d at 395.

[10] Moreover, to the extent that Hunter seeks to revive his challenge to the district court's application of the Guidelines in assessing the upward departure, we find the sentence to be reasonable for the reasons given by the district court. *See United States v. Smith*, No. 03-10171, 2005 WL 1663784 (5th Cir. July 18, 2005) (reviewing departure decisions post-*Booker* for reasonableness).

4

regime constitutes structural error, or that *Booker* error should be presumed prejudicial, these arguments have been foreclosed by our precedent.[11]

Based on the foregoing, we REINSTATE our prior opinion affirming the judgment of the district court.

---

[11] *See United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir. 2005).