# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2010

Lyle W. Cayce
Clerk

No. 09-41157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIR ADIEL MARTINEZ-GAMES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1314-3

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martir Adiel Martinez-Games appeals the sentence imposed following his jury trial conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). He argues that the district court plainly erred[1] in sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Martinez-Games argues that he should not be faulted for failing to object to the upward variance because his counsel was "dumbstruck" by the variance. While we conclude that plain error review is appropriate here, we note that this case does not turn on the standard of review.

him above the recommended guidelines range.[2]  Specifically, he argues that the district court failed to give him adequate notice of its intent to impose an above-guidelines sentence and that his sentence was unreasonable because it was based upon conduct that he was acquitted of by the jury.  He also argues that his sentence is unreasonable because it failed to take into account that his offense was not serious, that his offense was not violent, that he was not a danger to humanity, and that a harsher sentence would not stem the tide of illegal aliens coming into this country.  He additionally contends that the district court did not state sufficient reasons to justify the above-guidelines sentence because it did not identify what relevant conduct was the basis for the higher sentence.

Because Martinez-Games appellate arguments are raised for the first time before this court, our review is for plain error.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show plain error, Martinez-Games must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Martinez-Games's arguments that the district court erred by failing to give advance warning of its intent to impose a non-Guidelines sentence and in considering conduct of which he was acquitted by the jury are without merit. *See Irizarry v. United States*, 553 U.S. 708, 128 S. Ct. 2198, 2202-04 (2008)(the notice requirements of Federal Rule of Criminal Procedure 32(h) do not apply to variances); *United States v. Watts*, 519 U.S. 148, 157 (1997)(acquittal does not preclude a finding by a preponderance of the evidence in sentencing proceeding

---

[2]   The guidelines range was 0-6 months.  Martinez-Games received a sentence of 24 months in prison followed by a period of supervised release.

that conduct was committed); *United States v. Mejia-Huerta*, 480 F.3d 713, 722 (5th Cir. 2007)(variances, as opposed to guidelines departures, are not subject to the notice requirements of Rule 32(h)).   Moreover, the district court articulated sufficient reasons for the sentence and thus did not commit clear or obvious procedural error in sentencing Martinez-Games.  *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).   The district court noted that it remembered the trial, which, as summarized by the presentence report (PSR), included the testimony of several witnesses that identified Martinez-Games as a person involved in a human smuggling organization that was keeping undocumented aliens at a safe house in Laredo, Texas.  In addition, the district court noted the undisputed post-trial admissions made by Martinez-Games to the probation officer that he was involved in the organization.  Finally, the district court stated that the upward variance was based upon its review of the 18 U.S.C. § 3553(a) factors and it specifically cited the factors of promoting respect for the law and deterring future criminal conduct.

Although the district court's variance is significant, we have affirmed substantial variances and departures in other cases based upon the specific facts of those cases.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008)(variance from guideline maximum of 51 months to a sentence of 180 months); *United States v. Smith,* 440 F.3d 704, 706, 708 n.5, 709-10 (5th Cir. 2006)(variance from 27 months to 60 months); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005)(variance to a sentence that was "quadruple" the maximum under the guidelines); *United States v. Rosogie*, 21 F.3d 632, 633-34 (5th Cir. 1994)(variance of 400% from guideline maximum).  Accordingly, the district court's judgment is AFFIRMED.