# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2010

Lyle W. Cayce
Clerk

No. 10-10075
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON OWEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-116-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jason Owen appeals from the concurrent 87-month sentences imposed by the district court for his convictions of one count of manufacturing, and one count of distributing, counterfeit currency. He argues that the district court erred by upwardly departing from the guidelines range of 21-27 months of imprisonment.

Although we ordinarily review sentences for reasonableness, *Gall v. United States*, 552 U.S. 38, 51 (2007), because Owen did not object to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonableness of his sentence in the district court, review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Given Owen's extensive criminal record, the district court did not err, plainly or otherwise, by upwardly departing based upon its finding that Owen's criminal history category substantially under-represented the seriousness of his criminal history or the likelihood that he would recidivate. *See* U.S.S.G. 4A1.3(a)(1); *United States v. Simkanin*, 420 F.3d 397, 418 & n. 24 (5th Cir. 2005) (affirming an upward departure based upon the defendant's likelihood to recidivate). This court has previously upheld comparable, and even greater, departures than the one here at issue. *See United States v. Smith*, 417 F.3d 483, 492-93 (affirming upward departure from 41 months to 120 months of imprisonment); *United States v. Rosogi*e, 21 F.3d 632, 633-34 (5th Cir. 1994) (affirming upward departure from 30-37 month guidelines range to 150 months of imprisonment). We similarly conclude that the degree of departure was not unreasonable in this case.

AFFIRMED.