# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2011

Lyle W. Cayce
Clerk

No. 10-50621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE TORRES-ALFARO, also known as Jose A. Torres,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-418-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Torres-Alfaro (Torres) appeals the 84-month sentence imposed by the district court for his guilty plea conviction for two counts of transporting illegal aliens. He argues that his sentence, which was based on an upward departure and an upward variance, was unreasonable.

We review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Torres had four convictions in nine years, including a violent assault on his wife, and has twice misrepresented his identity. With respect to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the instant offense, he transported at least 12 aliens unrestrained in the bed of a pickup truck, attempted to evade arrest by engaging in a high-speed chase on the interstate, and seriously injured 12 aliens after he eventually crashed head-on into a tree, ejecting the aliens. Torres also subjected interstate highway travelers and law enforcement officers to the substantial risk of death or serious bodily injury during his flight from law enforcement. Based on the foregoing, the district court did not abuse its discretion by upwardly departing based upon its finding that Torres's criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood that he would recidivate. *See* U.S.S.G. 4A1.3(a)(1); *see also United States v. Brantley*, 537 F. 3d 347, 349-50 (5th Cir. 2008) (concluding that a lengthy criminal history justified the imposition of an upward departure or variance where the defendant had not learned from eight past convictions over twenty years). The departure was also warranted under U.S.S.G. § 5K2.0(a)(1)(A), which authorizes upward departures when the Guidelines do not adequately account for aggravating circumstances. *United States v. Saldana*, 427 F.3d 298, 311-12 (5th Cir. 2005).

This court has previously upheld greater departures or variances than the one here at issue. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806-07 (5th Cir. 2008) (upholding as reasonable 42-month upward variance from 30-month guideline maximum, based on prior deportations, lack of respect for the law, and need for deterrence of future criminal behavior and protection of the public); *see also, e.g., Brantley*, 537 F.3d at 349-50 (upholding an upward variance to 180 months from an advisory maximum of 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a range of 46 to 57 months); *United States v. Smith*, 417 F.3d 483, 492-93 (affirming upward departure from 41 months to 120 months of imprisonment); *United States v. Rosogie*, 21 F.3d 632, 633-34 (5th Cir. 1994) (affirming upward departure from 30-37 month guidelines

No. 10-50621

range to 150 months of imprisonment).  We similarly conclude that the degree of departure was not unreasonable in this case.

Torres also challenges the district court's ruling that his federal sentence must run consecutively with an anticipated, but not yet imposed, state sentence. As Torres concedes, this argument is foreclosed by our precedent, *see United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006), which remains binding precedent in this circuit.  *See United States v. Setser*, 607 F.3d 128, 131-32 (5th Cir. 2010), *petition for cert. filed* (Nov. 2, 2010) (10-7387).

AFFIRMED.