**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2012

Lyle W. Cayce
Clerk

No. 11-60678
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY EUGENE OSEWALT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-131-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gregory Eugene Osewalt was convicted of possession with intent to distribute more than five kilograms of cocaine. *See* 21 U.S.C. § 841. After serving his sentence, he was released to supervision. On February 16, 2010, his supervised release was revoked for violations that included use of illicit substances. He was sentenced to six months of imprisonment and two years of supervised release. After serving his six month sentence, he was again released on May 10, 2010 and began his two-year term of supervised release. On April

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

26, 2011, his probation officer filed a petition to revoke his supervised release based on an arrest for DUI, no proof of insurance, and careless driving; unauthorized travel to another state; and possession of a dangerous weapon, i.e., two knives. The district court revoked Osewalt's supervision and sentenced him to 24 months of imprisonment and 24 months of supervised release. Osewalt now appeals his 24-month term of imprisonment. He argues that his sentence is unreasonable in light of the recommended guidelines sentencing range of 4 to 10 months and that the district court erred in relying on his alleged continued drug use when his violations did not include drug charges.

At the revocation hearing, the district court engaged in a colloquy with Osewalt during which he admitted that he might benefit from substance abuse counseling and treatment. In explaining her reasons for the upward variance, the district judge cited "a continued pattern of illegal drug use and/or total disregard for the law." Although use of illegal drugs was not one of the violations for which his supervised release was revoked this time, possession and use were violations on the first revocation, and the underlying conviction was for possession with intent to distribute cocaine. In addition, Osewalt's DUI violation indicates that he still has issues with substance abuse or dependence. Osewalt's numerous violations of the conditions of supervised release (all within one year of his release), which led to two revocations and two prison sentences (the first of which did not deter his illegal conduct), also establish total disregard for the law, the alternative basis given by the district court for the variance. Thus, the district court did not err in explaining its reasons for the variance. Nor did it abuse its discretion in imposing a 24-month sentence, given that the prior revocation sentence of six months did not sufficiently deter Osewalt from violating, within one year of his release, not one but several of the conditions of supervision.

No. 11-60678

Osewalt has not shown that his sentence is unreasonable, much less plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir. 1994).

AFFIRMED.