# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 11-11197
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO TREJO-MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:11-CR-5-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Rogelio Trejo-Munoz ("Trejo-Munoz") appeals the 84-month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). He contends that the district court's upward departure from the advisory Guidelines range of 24 to 30 months imprisonment was procedurally and substantively unreasonable.

The Guidelines authorize an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). An upward departure predicated on § 4A1.3 may be warranted if (1) prior sentences were not used in computing the criminal history category, (2) prior sentences of substantially more than one year were imposed as a result of independent crimes committed on different occasions, (3) prior similar misconduct was established by a failure to comply with an administrative order, (4) at the time of his arrest, the defendant was facing trial or sentencing on another charge, or (5) the defendant committed prior similar adult criminal conduct which did not result in a criminal conviction. §4A1.3(a)(2)(A)–(E).

In this case, the district court ruled that an upward departure was warranted in part because Trejo-Munoz (1) did not receive any criminal history points for 10 other guilty plea convictions, including one illegal entry conviction and five driving while intoxicated ("DWI") convictions, (2) was facing pending charges in Oklahoma, and (3) reentered the United States after deportation on five times. In light of that information, the district court concluded that Trejo-Munoz's criminal history category substantially underrepresented the serious of his criminal history. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Trejo-Munoz to 84 months imprisonment, reasoning that the sentence was sufficient, but not greater than necessary, to counteract Trejo-Munoz's "profound disrespect for the rule of law," protect the public, and deter him from committing crimes in the future.

### 1.   Procedural Reasonableness

According to Trejo-Munoz, the district court committed procedural error by "elid[ing] past" intermediate offense levels and Guidelines ranges before deciding on the sentence imposed, in violation of Guidelines § 4A1.3(a)(4)(B) and *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc) (explaining that when a district court intends to depart above criminal history

category VI, it should consider each intermediate criminal history category and explain why the category chosen and sentence imposed is appropriate).

The district court stated on the record that it considered each intermediate criminal history category before deciding upon the sentence, noting that it "moved incrementally down the criminal history table." The court also explained on the record that it found an upward departure warranted and the intermediate categories and levels insufficient because of Trejo-Munoz's continuing criminal activity, much of which was unscored, as well as his disregard of criminal laws and immigration procedures. *Lambert* does not require more. *See id.* at 663 ("We do not, however, require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects. Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate."); *see also United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994) (en banc) (affirming significant departure where only implicit consideration was given to each intermediate criminal history category). Moreover, had there been procedural error, it would have been harmless because the district court stated that it would have imposed the sentence based on the § 3553(a) factors alone. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007) (holding that because the district court's decision to impose a non-Guidelines sentence was based in part on its consideration of the § 3553(a) factors, any error in its application of § 4A1.3 was harmless).

### 2.    Substantive Reasonableness

Trejo-Munoz argues that his 84-month sentence is substantively unreasonable because he presents a low risk of recidivism and shows "great promise." The district court concluded, and we agree, that Trejo-Munoz's extensive criminal history, including eleven convictions for driving while

intoxicated and numerous other convictions for evading arrest and illegal reentry, portended more recidivism, not "great promise." *See United States v. Delgado-Nunez*, 295 F.3d 494, 498 (5th Cir. 2002) (holding that "it was certainly not unreasonable for the court to conclude" that the exclusion of three DWI convictions from the criminal history calculation resulted in a criminal history level that underestimated of the seriousness of the defendant's past criminal conduct). The court carefully considered the § 3553(a) factors in imposing the sentence, and we decline the invitation to re-weigh them now. *Gall v. United States*, 552 U.S. 38, 50 (2007). Moreover, the 84-month sentence, while above the Guidelines range, is well below the statutory maximum and within the range of variances and departures this court has upheld as substantively reasonable. *See, e.g.*, *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding sentence of 120 months where high end of Guidelines range was 41 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995) (upholding sentence of 240 months where high end of Guidelines range was 71 months); *United States v. Rosogie*, 21 F.3d 632, 633-34 (5th Cir.1994) (upholding sentence of 150 months where high end of Guidelines range was 37 months).

 For all of those reasons, we AFFIRM.