**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Connie Manthei BATY, Defendant–Appellant.**

**No. 90–1406.**

United States Court of Appeals, Fifth Circuit.

April 26, 1991.

Michael L. Ware, Fort Worth, Tex. (Court-appointed), for defendant-appellant.

Joe C. Eockhart, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GARZA, POLITZ, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Concluding that Connie Manthei Baty was not under a "criminal justice sentence" within the meaning of U.S.S.G. § 4A1.1(d),[1] at the time of the offense before the bar, we vacate her sentence and remand for resentencing.

### Background

In October 1989 Baty was indicted for various drug offenses. She entered a plea of guilty to a charge of violating 21 U.S.C. § 843(b) by using a telephone to facilitate the commission of an offense proscribed by 21 U.S.C. § 841(a)(1). The other charges were dismissed.

The presentence investigation report by the probation officer recommended the finding of an offense level of 16 and a criminal history category of II. Baty objected to both recommendations in the trial court but only the computation of the criminal history category is before us on this appeal. The probation officer added one point because of Baty's previous misdemeanor conviction for theft by check. An

---

1. U.S.S.G. § 4A1.1(d) provides:
   Add 2 points [in the determination of the criminal history category] if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

additional two points were added under Guideline § 4A1.1(d) based on the conclusion that the instant offense was committed while Baty was under a criminal justice sentence, specifically the probation she received for the misdemeanor theft conviction. Baty objects to the two-point increase, asserting that her probationary period had expired before the commission of the subject offense.

Baty was placed on probation for six months, from September 3, 1986 until March 3, 1987. On February 27, 1987, three days before the probationary period was to expire, the county authorities filed a motion to revoke county probation. Insofar as the record before us reflects, no capias was issued pursuant to this motion and no action whatever was taken thereon until May 5, 1989 when the motion was dismissed.

Absent the two-point increase the appropriate criminal history category is I. An offense level of 16 with a criminal history category of I results in a sentencing range of 21–27 months. For the same offense level and a criminal history category of II the guidelines establish a sentencing range of 24–30 months. Baty was sentenced to prison for 30 months; she timely appealed.

### Analysis

■ The sole question presented by this appeal is whether, at the time of the conduct-of-conviction, Baty was laboring under a "criminal justice sentence" such as probation, parole, supervised release, imprisonment, work release, or escape status as envisioned by Guideline § 4A1.1(d). We conclude that she was not.

■ We look to Texas law to determine whether Baty was subject to probation under Texas law when she committed the offense to which she pled guilty. Under well-established Texas law, the timely filing of a motion to revoke probation and the issuance of a capias thereunder vests the court with jurisdiction to revoke probation after the probationary period has expired, provided that the state court acts expeditiously and with due diligence. As the Texas Court of Criminal Appeals noted in

*Zillender v. State*, 557 S.W.2d 515 (Tex. Crim.App.1977):

> The decisions of this Court indicate that the filing of a motion to revoke and issuance of a capias prior to the expiration of the probationary period vest a limited jurisdiction in the trial court to hear the motion after the expiration of the probationary period.

*Id.* at 519 (citations omitted). Immediately after making this observation the court added the pertinent proviso: "This assumes, of course, that the State diligently attempts to prosecute the motion." *Id.* at 519 n. 4 (citations omitted). The *Zillender* court rejected the proposition that the mere filing of the motion to revoke automatically extended the period of probation. This has long been the rule in Texas. In *Coffey v. State*, 500 S.W.2d 515 (Tex.Crim.App.1973), quoting *Stover v. State*, 365 S.W.2d 808 (Tex.Crim.App.1963), the court observed:

> The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

500 S.W.2d at 516. Citing supportive authorities, the *Coffey* court went on to hold:

> In order for the Court to have jurisdiction to revoke probation both a motion to revoke probation and a capias for the arrest of the appellant must be issued prior to the termination of the period of probation.

*Id.* See also, *Guillot v. State*, 543 S.W.2d 650, 652 (Tex.Crim.App.1976) ("where the revocation motion is filed and the capias or arrest warrant issues prior to the expiration of the probationary period, the hearing conducted after the expiration of such but shortly after arrest is considered proper") (citations omitted); *Nicklas v. State*, 530 S.W.2d 537, 541 (Tex.Crim.App.1975) (Revocations based on motions filed and arrest warrants issued during the probationary period are valid even though the revocation

hearing is held after that period provided "the court's order of arrest is followed by a diligent effort to apprehend and to hear and determine the claimed violation.").

 Texas law requires the coalescing of three elements for the extending of probation beyond the period originally assessed by the court, or its revocation: (1) the filing of a motion to revoke within the probationary period; (2) the issuance of a capias within the probationary period; and (3) a diligent effort to execute the capias and to conduct a prompt hearing on the motion. In the case at bar the record reflects only the first element—the motion to revoke was filed shortly before the probationary period expired. There is no evidence in this record, however, that a capias was ever issued and executed, and the record abundantly belies the suggestion that the motion was promptly and diligently addressed by the state court. More than 26 months elapsed between the time the motion to revoke probation was filed and its consideration and dismissal by the Texas court.

We therefore hold that Baty was not on probation at the time of the subject offense. The trial court erred in assessing a two-point increase in the criminal history category computation on the grounds that Baty was under a criminal justice sentence within the meaning of Guideline § 4A1.1(d) when she committed the offense-of-conviction. We therefore must vacate the sentence and remand for a correct application of the guidelines and for resentencing. *United States v. Mejia–Orosco*, 867 F.2d 216 (5th Cir.1989).

Sentence VACATED; matter REMANDED for resentencing consistent herewith.