UNITED STATES of America,
Plaintiff–Appellee,

v.

**Robert A. LEE, also known as Robert A. Coleman, Defendant–Appellant.**

No. 90–2944.

United States Court of Appeals,
Seventh Circuit.

Argued July 9, 1991.

Decided Aug. 26, 1991.

Robert Haida, Asst. U.S. Atty., Criminal Division, East St. Louis, Ill., Laura J. Jones, Asst. U.S. Atty. (argued), Benton, Ill., for plaintiff-appellee.

George Ripplinger (argued), Ripplinger, Dixon & Johnston, Belleville, Ill., for defendant-appellant.

Before CUMMINGS, POSNER, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Robert Aaron Lee pleaded guilty to conspiracy to distribute a substance containing cocaine in violation of 21 U.S.C. § 846. In calculating Lee's sentence under the Sentencing Guidelines, the district court added two points to Lee's criminal history category pursuant to § 4A1.1(d) because it found that Lee had committed the offense while under a "criminal justice sentence." The only issue in this appeal is whether the court erred in that determination.

Section 4A1.1(d) requires the addition of two points to a defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." In 1984, a Missouri state court sentenced Lee to a five-year term of probation, subject to certain conditions such as remaining in the state unless given permission to leave. One year later, a probation violation warrant was issued for Lee, who moved to East St. Louis, Illinois, in 1986. That warrant was never executed. Lee committed the federal offense in May 1989. Because Lee's term of probation would have expired in April 1989, the issue in this case is whether the arrest warrant tolled the probation period so as to allow the state court to retain jurisdiction over Lee on the probation charge.

■ We addressed an analogous situation in *United States v. Dillon*, 905 F.2d 1034 (7th Cir.1990), in which the government argued for a two-point addition to Dillon's criminal history category based upon a 1985 bench warrant that was outstanding from a conviction for drunk driving. In 1983, the Illinois circuit court convicted Dillon of driving under the influence, and required him to serve one year of court supervision and to pay a fine. Two months after the period of court supervision expired, the state filed a petition alleging that Dillon had violated a condition of the supervision by failing to pay the fine. Under Illinois law, a sentence of court supervision could be tolled if the petition alleging violations of conditions was filed before the period of supervision expired. Because the state failed to comply with that state-law requirement, we held that the petition failed to toll the period of supervision and therefore Dillon was not under a "criminal justice sentence" at the time of the federal offense. 905 F.2d at 1037. We noted in *Dillon* that fugitive status under an outstanding warrant may constitute a factor authorizing an upward adjustment, but that the existence of an outstanding warrant was not the equivalent of a "criminal justice sentence." 905 F.2d at 1037.

The same analysis employed in *Dillon* is applicable to this case. The relevant inquiry is whether, under Missouri state law, the arrest warrant extended the period of probation so that Lee was still within his period of probation at the time of his federal offense. As the court noted in *Dillon*, the mere existence of the warrant is insufficient to indicate that Lee is under a "criminal justice sentence."

Under Missouri law as it was at the time of the state offense, the state court retains power to revoke probation during the term of probation and

> for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

Mo.Ann.Stat. § 559.036 (Vernon 1979). This provision allows the court to retain jurisdiction over the probationer only for a period of time that is "reasonably necessary" and only if "every reasonable effort" is made prior to the expiration of the probation term. This requirement that the state act within a reasonable time was recognized by the Missouri Supreme Court in *State v. Carlton*, 552 S.W.2d 710 (Mo. 1977), which interpreted an earlier proba-

tion provision.[1] *Carlton* held that a court retains jurisdiction as long as the warrant is issued during the probationary period and is executed within a reasonable time after its issuance, even if execution occurs after the probationary period has expired. 552 S.W.2d at 714.

In the present case, the arrest warrant had still not been executed five years after its issuance. That time period is too long to be considered reasonable absent other circumstances. Rather, the delay would only be reasonable if circumstances indicated that the state exercised due diligence but was impeded in its efforts to execute the warrant. *See e.g. United States v. Baty*, 931 F.2d 8 (5th Cir.1991) (discussing Texas law); *United States v. Strader*, 503 F.2d 1081 (8th Cir.1974); *Simon v. Moseley*, 452 F.2d 306 (10th Cir.1971).[2] For example, if Lee was concealing his identity to avoid detection, then five years might not be an unreasonable delay in executing the warrant. One court has noted that in determining whether a reasonable time has elapsed between issuance of the warrant and its execution, relevant factors include the conduct of the probationer (which might impede execution of the warrant)

and the diligence (or lack of diligence) of the probation authorities. *United States v. Gernie*, 228 F.Supp. 329, 338 (S.D.N.Y.1964).[3] The government has presented no evidence in this case concerning the conduct of the probation authority or Lee, and does not now suggest any explanation for the delay. Absent evidence regarding the conduct of the defendant or the state authorities, the five-year delay is not reasonable and under Missouri law the Missouri courts would no longer have jurisdiction over Lee's probation. Accordingly, by the time of his federal offense, Lee had ceased to be under a "criminal justice sentence" with respect to that state charge for purposes of the Guidelines.[4]

We therefore must remand the case for resentencing. *See Baty*, 931 F.2d at 11. In *Dillon*, we stated that a case need not be remanded if the district court would impose the same sentence anyway. 905 F.2d at 1037–38. In this case, the improper addition of two points to the criminal history category placed Lee in a range of 33 to 41 months, and the court sentenced Lee to 33 months. If the probation had not been considered, Lee would have been subject to

1. Incidentally, this interpretation of Missouri law does not allow a probation violator to avoid probation by simply "outrunning" the state. The state court could have prevented itself from losing jurisdiction by summary revocation of probation during the probationary period. 552 S.W.2d at 714; *see also Brandt v. Percich*, 507 S.W.2d 951, 957 (Mo.App.Ct.1974) (*en banc*) (probationer cannot avoid revocation by absconding until the term expires and then claiming lack of jurisdiction; summary revocation appropriate to preserve jurisdiction). Because the state did not employ that procedure, the issue in this case, as in *Carlton,* is a more difficult one.

2. The Missouri cases do not define the term "reasonable time," but the concept is not unique to Missouri. *Baty* and the other cited cases, and other state and federal decisions, hold that an arrest warrant extends the jurisdiction of the court only if it is executed within a reasonable time. Those cases are premised upon notions of subject matter jurisdiction or due process, and adequately define the term "reasonable time."

3. In addressing the federal probation statute, that court described the necessary balance as follows:

While it is no doubt true ... that Congress did not intend by the statute to compel a United States court to enter into a race with a convicted defendant to execute a warrant against a time limit, it seems equally clear that Congress could not have intended a warrant to lie fallow indefinitely and to be executed at any time in the future when it suited the probation authorities to do so. It could not have intended what might be in effect a lifetime probation.

*Gernie*, 228 F.Supp. at 338. Both the federal and state cases which discuss the reasonable time requirement for execution of the warrant focus on the competing concerns identified by the *Gernie* court.

4. The government has filed a motion to supplement the record with an order from the Missouri court which discharged Lee from probation on April 28, 1991. We grant this motion, but note that the subsequent action by the Missouri state court does not affect our determination of whether Lee was under a criminal justice sentence at the time of the offense. The Missouri order is consistent with our determination. The order withdraws the warrant and discharges Lee from probation without further proceedings.

a range of 30 to 37 months. Under this range, the court could still have sentenced Lee to 33 months, but the transcript of sentencing indicates that it would not have done so. The government recommended that Lee serve the lowest sentence in the range, and specified that it would be either 30 months or 33 months depending upon the court's determination of the criminal history category. When the court imposed the sentence, it declared that it accepted the plea agreement and would impose a sentence in accordance with its terms. The court then imposed the 33-month sentence because it had ruled that the probation could be considered in determining the criminal history category. That discussion in the transcript suggests that the court would have imposed a 30-month sentence if the range began at 30 instead of 33 months. Therefore, a remand is necessary. Accordingly, the sentence imposed by the district court is VACATED and the case is REMANDED for resentencing.