**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-50997
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DWAYNE ANDERSON, aka David Anderson,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

August 10, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and FITZWATER,* District Judge.

PER CURIAM:

Defendant David Dwayne Anderson appeals his sentence for one count of possession with intent to distribute amphetamine in violation of 21 U.S.C. § 841(a). We affirm.

I

Anderson pled guilty to possession with intent to distribute amphetamine in violation of 21 U.S.C. § 841(a). Applying the United States Sentencing Guidelines, the district court sentenced Anderson to 135 months imprisonment. In determining Anderson's criminal history category, the district court added two points under U.S.S.G. § 4A1.1(d), because of an outstanding warrant to revoke Anderson's probation in Texas. Anderson filed a timely notice of appeal. He argues that (1) the district court erred by imposing a sentence above the maximum sentence allowed by statute, and (2) the district court erred by increasing his criminal history category pursuant to U.S.S.G. §

_____

* District Judge of the Northern District of Texas, sitting by designation.

4A1.1(d). When reviewing a criminal sentence, we review the district court's application of the Guidelines *de novo*, and we review the district court's findings of fact for clear error. *See United States v. Goynes*, 175 F.3d 350, 353 (5th Cir. 1999).

## II

Anderson argues that his 135-month sentence exceeded the statutory maximum for possession with intent to distribute amphetamine. According to Anderson, amphetamine is a schedule III substance, for which the maximum sentence is not to exceed five years. *See* 21 U.S.C. § 841(b)(1)(D). However, amphetamine is a schedule II substance. *See United States v. Daniel*, 813 F.2d 661, 662 (5th Cir. 1987) (noting that amphetamine was reclassified as a schedule II substance in 1971). The statutory maximum for schedule II substances is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Anderson's 135-month sentence does not exceed this statutory maximum.

## III

U.S.S.G. § 4A1.1(d) provides for a two point increase if the defendant commits an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Guidelines further provide:

> For the purposes of § 4A1.1(d), a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.2(m); *see also* U.S.S.G. § 4A1.1(d), comment. (n.4).

The district court assessed the two-point increase based on a probation violation warrant that remained outstanding when Anderson committed the instant offense in 1998. The violation warrant issued in 1994, while Anderson was serving a five-year probation for a Texas driving-while-intoxicated offense. This probation period, which was imposed in 1992, was scheduled to end in 1997. State authorities, however, made no effort to execute the violation warrant.

Anderson argues that the outstanding violation warrant cannot trigger § 4A1.1(d)'s two-point increase, because the state authorities failed to exercise due diligence in executing the warrant. He

points out that under Texas state law, a violation warrant may extend the probation period originally assessed by the court only if the authorities make a diligent effort to execute the warrant. *See Harris v. State*, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992); *see also United States v. Baty*, 931 F.2d 8, 11 (5th Cir. 1991). Anderson also argues that the authorities failure to exercise due diligence implicates his rights under the Due Process Clause of the United States Constitution.

In determining whether an outstanding violation warrant triggers a two-point increase, the Guidelines do not require us to assess the state authorities' diligence in executing a violation warrant. Rather the two-point increase applies to any "defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding." U.S.S.G. § 4A1.2(m). As the Third Circuit has written:

> The plain language of the Guidelines indicates that two points are to be added whenever an outstanding warrant is in existence, regardless of whether the warrant is stale pursuant to state law at the time of sentencing, and irrespective of whether state authorities have been lax in attempting to execute the warrant.

*United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997). There is no dispute that Anderson's violation warrant was outstanding when he committed the offense for which the district court sentenced him. Accordingly, § 4A1.2(m) mandates a two-point increase.[1]

IV

For these reasons, we AFFIRM the sentence imposed by the district court.

---

[1] The adoption of U.S.S.G. § 4A1.2(m) distinguishes this case from *United States v. Baty*, 931 F.2d 8 (5th Cir. 1991). That case was decided before § 4A1.2(m) was adopted. *See United States v. Camilo*, 71 F.3d 984, 987 (1st Cir. 1995) (declining to follow *Baty* because it was decided before the adoption of U.S.S.G. § 4A1.2(m)).