United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21095
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER CHIGOZIE IWUOHA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-105-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christopher Iwuoha appeals his sentence for his guilty-plea
conviction of illegal reentry into the country after having been
deported following an aggravated felony conviction. See 8 U.S.C.
§ 1326(b)(2). For the first time on appeal, Iwuoha argues:
(1) he received two criminal history points based upon an
erroneous finding that he committed his instant offense while
he was serving a supervised release term for his prior drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction, and (2) 8 U.S.C. § 1326(b)(2) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The record reveals that Iwuoha committed the instant offense while a warrant for his violation of his supervised release terms was pending. The addition of two criminal history points was not plain error. See U.S.S.G. § 4A1.1(d); § 4A1.1, comment. (n.4); United States v. Anderson, 184 F.3d 479, 480-81 (5th Cir. 1999).

As conceded by Iwuoha, his challenge to the constitutionality of 8 U.S.C. § 1326(b)(2) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which was not overruled by Apprendi. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.