**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 03-4813

GREGORY WEATHERS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron McGowan Currie, District Judge.
(CR-03-553)

Submitted: March 31, 2004

Decided: April 15, 2004

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

W. Rhett Eleazer, Chapin, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Weathers pled guilty to conspiracy to steal firearms from a federally licensed firearms dealer, 18 U.S.C. §§ 371, 922(u) (2000) (Count One), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count Four). The district court imposed a sentence of 120 months on Count Four and a concurrent sentence of sixty months on Count One. Weathers appeals his sentence, alleging that the district court erred in awarding him two criminal history points for committing the offense while under a criminal justice sentence—an outstanding probation violation warrant. *U.S. Sentencing Guidelines Manual* § 4A1.1(d) (2003). He also contends that the court lacked sufficient evidence that a violation warrant had issued. We affirm.

Two criminal history points are prescribed under USSG § 4A1.1(d) "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ." Application Note 4 explains that a "criminal justice sentence" is any "sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply." Application Note 4 further provides that "[a] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation . . . violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." *See also* USSG § 4A1.2(m) (same).

Weathers did not object below to the two criminal history points awarded for his 1994 sentence of probation for child endangerment. However, he objected to the two points he received for committing the instant offense while there was an active probation violation warrant for him in New Jersey. When the warrant issued, Weathers had left New Jersey, and was in custody in New York State for a similar offense. In this appeal, Weathers argues that criminal history points were erroneously awarded under § 4A1.1(d) because the original term of probation had long since expired and because the New Jersey

authorities were at fault for not serving him with a violation warrant or affording him a hearing on the alleged violation.

The guideline does not require service of a warrant on the defendant. Weathers acknowledges that Application Note 4 to § 4A1.1 currently requires criminal history points to be awarded if a violation warrant is outstanding, regardless of whether the term of probation would have expired absent the warrant. Other circuits have held that, in applying § 4A1.1(d), the sentencing court need not consider whether an outstanding warrant is stale or state authorities have been lax in executing it. *See United States v. Davis*, 313 F.3d 1300, 1305-06 (11th Cir. 2002), *cert. denied*, 124 S. Ct. 49 (2003); *United States v. Mateo*, 271 F.3d 11, 16 (1st Cir. 2001); *United States v. Anderson*, 184 F.3d 479, 481 (5th Cir. 1999); *United States v. Elmore*, 108 F.3d 23, 27-28 (3d Cir. 1997); *United States v. Camilo*, 71 F.3d 984 (1st Cir. 1995).* We find these authorities persuasive.

Weathers also maintains that the district court lacked sufficient evidence from which to find that a violation warrant was issued or was served on him. We review this issue under the plain error standard because Weathers did not contest the existence or validity of the violation warrant below. *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. (2001).

The presentence report included a notification of alleged probation violations that informed Weathers of a hearing scheduled for December 9, 1996, and stated that his failure to appear at the December 9 hearing would result in the issuance of a bench warrant for his arrest. At the sentencing hearing, the probation officer informed the court that he had been told by Weathers's probation officer in New Jersey the day before that there was an active bench warrant for Weathers resulting from his failure to appear at the violation hearing.

---

*In *Camilo*, the First Circuit reserved the question of whether the validity of a state warrant might be considered by the sentencing court and speculated that a due process requirement might exist under § 4A1.2(m). 71 F.3d at 987-88 & n.7. The First Circuit has since held that, in applying § 4A1.1(d), "a sentencing court ordinarily is not required to look beyond the face of the state-court record, but, rather, may give weight to an outstanding warrant without inquiring into the validity of that warrant." *Mateo*, 271 F.3d at 16.

In resolving disputed matters, the district court may consider hearsay information that "has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). Weathers did not dispute the existence of the warrant at sentencing. Therefore, the district court was free to adopt the presentence report without making a finding of fact on the question. Moreover, if Weathers had disputed the existence of the warrant, the probation officer's statement that he had been assured by New Jersey authorities that a warrant had been issued was sufficient to satisfy the "indicia of reliability" test. Weathers has not shown error, much less plain error.

We therefore conclude that the district court did not err in awarding Weathers two criminal history points under § 4A1.1(d). We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*