# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-4275

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MIGUEL A. GARCIA-VASQUEZ,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03-CR-100—**William C. Griesbach**, *Judge.*

———————

ARGUED JULY 7, 2004—DECIDED AUGUST 12, 2004

———————

Before CUDAHY, COFFEY, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Mexican citizen Miguel Garcia-Vasquez pleaded guilty to illegally reentering the United States after having been deported, 8 U.S.C. § 1326, and was sentenced to 57 months' imprisonment. The district court added two criminal history points because it found that Garcia-Vasquez committed the offense while under a "criminal justice sentence"—specifically an unexecuted 1998 California warrant for a probation violation. *See* U.S.S.G. § 4A1.1(d). Garcia-Vasquez challenges the addition of the two criminal history points, arguing that California authorities were unreasonably dilatory in executing the warrant. We affirm.

Garcia-Vasquez was convicted by a California court of attempted robbery in 1997, and sentenced to one year in prison followed by two years of probation. Throughout these California proceedings, Garcia-Vasquez used the name "Michael Garcia," and also a false birth date. Immediately after Garcia-Vasquez was released from prison in June 1998, immigration authorities deported him to Mexico. When Garcia-Vasquez did not report to his probation officer in July, the state court revoked his probation and issued a bench warrant for his arrest.

Garcia-Vasquez soon returned to the United States, and in May 2000 was arrested in Wisconsin following a domestic abuse incident in which he was charged with resisting law enforcement officers. He told Wisconsin officials that his name was "Miguel Garcia," and gave them a different date of birth than he had given the authorities in California; throughout the Wisconsin proceedings he continued to use this name. Garcia-Vasquez was eventually convicted and sentenced to three years' imprisonment. While he was serving that sentence, immigration authorities discovered in May 2003 that Garcia-Vasquez was the same person who had been deported in 1998, and they charged him with illegally reentering the country.

The sentencing guidelines provide that a defendant's criminal history score is to be increased by two points if he "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The district court added two points to Garcia-Vasquez's criminal history score because of the outstanding warrant for his California probation violation. The district court therefore calculated Garcia-Vasquez's criminal history category as IV, yielding a sentencing range of 57 to 71 months. If the two criminal history points had not been imposed, Garcia-Vasquez's criminal history category would be III, and his sentencing range would be 46 to 57 months.

Garcia-Vasquez argues that the district court should not have imposed the additional two criminal history points because, he says, California authorities have shown no interest in executing the warrant and their delay should invalidate the warrant for purposes of § 4A1.1(d). Garcia-Vasquez relies on our decision in *United States v. Lee*, 941 F.2d 571, 572-73 (7th Cir. 1991), in which we held that the two-point increase under § 4A1.1(d) did not apply to a defendant who had been subject to an unreasonably long delay in Missouri's execution of an arrest warrant for a probation violation. *Id.*

But *Lee* is inapplicable here for two reasons.[1] First, *Lee* interpreted Missouri law, *id.*, and Garcia-Vasquez has not cited, nor have we located, any rule in California that officials must execute warrants for probation violations within a reasonable time. Second—and most importantly—Garcia-Vasquez unquestionably reentered the country *before* his probation term expired, thereby rendering irrelevant any question about the effect of the California court's revocation of his probation. Garcia-Vasquez was certainly in the United States when he was arrested in Wisconsin in May 2000, one month before his two-year California probation was to have expired. Because his probation had yet to expire in May 2000, Garcia-Vasquez remained under a criminal justice sentence at the time he committed his illegal reentry. *See United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001) (illegal reentry is an ongoing offense that is first

---

[1] The sentencing guidelines were amended four months after *Lee* was decided, U.S.S.G., App. C, amend. 381 (effective Nov. 1, 1991) (adding U.S.S.G. § 4A1.2(m) and amending § 4A1.1, comment. (n.4)), and the First Circuit has suggested that the amendment invalidated *Lee*. *See United States v. Camilo*, 71 F.3d 984, 987 (1st Cir. 1995). But we need not reach the question of *Lee*'s continuing validity because Garcia-Vasquez has not demonstrated that his case is analogous.

committed at the time the defendant enters the country, not at the time that immigration authorities discover his presence).

Lastly, we add that Garcia-Vasquez can hardly criticize California for not executing the warrant expeditiously. The reason federal authorities discovered Garcia-Vasquez's illegal status in May 2003 instead of May 2000 was because he had concealed his identity by repeatedly using false names and birth dates. Garcia-Vasquez was in custody in Wisconsin under the name "Miguel Garcia" and with a different date of birth than he had used in California. Even when his true identity was discovered in May 2003, California still knew Garcia-Vasquez as "Michael Garcia," and it learned that he was the same person placed on probation in 1998 only when the probation officer who drafted the presentence report in this case contacted California authorities. Garcia-Vasquez could have informed California in May 2000 of his incarceration in Wisconsin and requested sentencing for his probation violation, *see* Cal. Penal Code § 1203.2a; *People v. Broughton*, 133 Cal. Rptr. 2d 161, 171 (Cal. Ct. App. 2003), but instead he tried to hide his identity. He cannot now claim that he should benefit from his attempted ruse.

The district court properly imposed the two criminal history points under § 4A1.1(d). Garcia-Vasquez's sentence is AFFIRMED.

No. 03-4275                                                            5

A true Copy:

    Teste:

                          _____
                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*