**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4581**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ANTOLIN RAMIREZ-RAMIREZ, a/k/a Javier Ramirez-Ramirez,

               Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00137)

Submitted: September 30, 2008    Decided: October 14, 2008

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, RUSSELL MACE & ASSOCIATES, PA, Myrtle Beach, South Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antolin Ramirez-Ramirez pled guilty to illegal reentry, 8 U.S.C. § 1326(a), (b)(2) (2000), and received a sentence of sixty-eight months imprisonment. He appeals his sentence, contending that the district court plainly erred in awarding two criminal history points for commission of the offense while under a sentence of probation, U.S. Sentencing Guidelines Manual § 4A1.1(d) (2006). We affirm.

Because Ramirez-Ramirez did not object to his criminal history calculation in the district court, review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993) (error occurred, which was plain, affected defendant's substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings").

Two criminal history points are prescribed under USSG § 4A1.1(d) "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ." Application Note 4 explains that a "criminal justice sentence" is any "sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply." Application Note 4 further provides that "[a] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation . . . violation

2

warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." See USSG § 4A1.2(m) (same).

Ramirez-Ramirez acknowledges that, in applying § 4A1.1(d), the sentencing court need not consider whether an outstanding warrant is stale or whether state authorities were lax in executing the warrant. See United States v. Davis, 313 F.3d 1300, 1305-06 (11th Cir. 2002); United States v. Mateo, 271 F.3d 11, 16 (1st Cir. 2001); United States v. Anderson, 184 F.3d 479, 481 (5th Cir. 1999); United States v. Elmore, 108 F.3d 23, 27-28 (3d Cir. 1997); United States v. Camilo, 71 F.3d 984 (1st Cir. 1995).

Ramirez-Ramirez relies on the First Circuit's observation in Camilo that an unreasonable delay in the execution of a warrant might give rise to a due process issue under § 4A1.1(m), although not in Camilo's case, because he was responsible for the delay. Camilo, 71 F.3d at 988 & n.7.[*]

---

[*]The First Circuit later held that, "in determining whether to add criminal history points under USSG § 4A1.1(d), a sentencing court ordinarily is not required to look beyond the face of the state-court record, but, rather, may give weight to an outstanding warrant without inquiring into the validity of that warrant." Mateo, 271 F.3d at 16 (noting that Camilo only "left open the question of whether defects in a state warrant process might be considered by the sentencing court").

Ramirez-Ramirez argues that, unlike Camilo, he was not responsible for the delay in the execution of the warrant against him. He contends that the § 4A1.1(d) enhancement violated due process in his case because (1) he did not have an opportunity to have the warrant set aside because he was deported immediately after he finished serving his prison sentence; (2) he did not willfully fail to appear in court but was prevented by his incarceration on another charge; (3) state authorities issued another warrant when the original warrant expired while he was in prison; and (4) state authorities could have discovered his location in prison and executed the warrant.

Because the district court was not required to consider the circumstances surrounding the warrant outstanding against Ramirez-Ramirez at the time of the instant offense, Ramirez-Ramirez has not identified any error on the part of the district court in adopting that recommendation in the presentence report. We conclude that the district court did not err, much less plainly err, in determining Ramirez-Ramirez's criminal history, and no due process violation occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED