# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

No. 10-30149
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE M. LAERA-HERRERA,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-68-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose M. Laera-Herrera appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute marijuana. The district court sentenced him to 46 months of imprisonment, which included an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3 to account for the inadequacy of his criminal history category.

Laera-Herrera argues that the district court erroneously applied criminal history points under Section 4A1.1(d) of the Guidelines, which provides for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30149

application of two criminal history points if the defendant committed an offense while under a "criminal justice sentence," which is defined as including probation. He contends that the probationary term to which he was subject at the time of the instant offense should have ended earlier but did not due to the failure of state authorities to execute a violation of probation warrant. He asserts that the authorities' belated execution of the probation violation warrant violated his due process rights.

Laera-Herrera's argument is foreclosed by our decision in *United States v. Anderson*, 184 F.3d 479, 480-81 (5th Cir. 1999). In *Anderson*, we held that an outstanding probation violation warrant mandated a two-point increase under the Guidelines despite the lack of effort on the part of the authorities to execute the warrant. *Id.* at 481. We determined that the Guidelines do not require us to consider the diligence of state authorities in executing the warrant. *Id.*; *see also* U.S. Sentencing Guidelines Manual § 4A1.2(m) (noting that a two-point increase applies under Section 4A1.1(d) to any defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding). The district court therefore did not err in applying the two-point increase.

Laera-Herrera also argues that his 46-month sentence is unreasonable because the district court relied solely on the extensive nature of his criminal history. Laera-Herrera asserts that the court did not adequately articulate its reasons for imposing an upward departure. He also contends that the court failed to consider other factors that would have justified a more lenient sentence (*e.g.*, the facts of the instant offense, his acceptance of responsibility).

Although we ordinarily review sentences for reasonableness under an abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), because Laera-Herrera did not assert the instant objections in the district court, review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Given Laera-Herrera's extensive criminal record, the district court did not err, plainly or otherwise, by upwardly departing based upon its

finding that Laera-Herrera's criminal history category substantially under-represented the seriousness of his criminal history or the likelihood that he would recidivate.  *See* U.S. Sentencing Guidelines Manual § 4A1.3(a)(1); *United States v. Simkanin*, 420 F.3d 397, 418 & n.24 (5th Cir. 2005) (affirming an upward departure based upon the defendant's likelihood to recidivate).

Moreover, contrary to Laera-Herrera's assertions, the district court gave oral and written reasons to support its decision to depart.  The court specifically noted that Laera-Herrera had 14 aliases, 46 adult arrests, and 13 documented convictions; had been arrested six times for offenses involving the trafficking of illegal drugs; had been convicted for delivery of cocaine and possession of cocaine; and had 18 criminal convictions for criminal arrests that could not be counted because of the age of the offenses or because records concerning the offenses had been destroyed.  These reasons were supported by the record and were permissible under the Guidelines.  *See United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993).  The reasons also advanced the objectives set forth in 18 U.S.C. § 3553(a)(2), and were justified by the facts of the case; Laera-Herrera's criminal history showed his propensity for recidivism and the lack of deterrence from prior imprisonment.  *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).  The record furthermore supports that the district court had before it the factors that Laera-Herrera alleges were not properly evaluated and concluded that those factors did not outweigh other sentencing matters justifying an upward departure.  Accordingly, Laera-Herrera has not shown any error in the district court's decision to depart upwardly.

AFFIRMED.