**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4671**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

RICARDO TORRES CASTILLA, a/k/a Ricardo Catilla, a/k/a Eber
Emanuel Urias Sanchez,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:11-cr-00393-FDW-1)

Submitted:  May 5, 2014            Decided:  May 9, 2014

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North
Carolina, for Appellant.  Anne M. Tompkins, United States
Attorney, Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Torres Castilla, a native and citizen of Mexico, pled guilty to illegal reentry into the United States following his removal subsequent to sustaining a felony conviction. 8 U.S.C. § 1326(a), (b)(1) (2012). Castilla was sentenced to thirty months' imprisonment, which was at the bottom of his advisory Sentencing Guidelines range. The lone issue in this appeal is whether the district court procedurally erred in assigning Castilla two criminal history points pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(d) (2011). For the reasons that follow, we affirm.

Generally, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error[,]" United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted), and will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and alteration omitted). However, while Castilla did object in the district court to the application of USSG § 4A1.1(d), he did not advance either of the two specific arguments he presents on appeal. Accordingly, we will review both issues for plain error. United

States v. Rooks, 596 F.3d 204, 212 (4th Cir. 2010); United States v. Blatstein, 482 F.3d 725, 731 (4th Cir. 2007).

Castilla first contends that his two-year probation sentence, imposed by a Colorado state court in December 2007, had expired by the time he committed the underlying federal offense, and that the probationary period had not been extended. Thus, Castilla maintains that he "did not commit any part of the instant offense **while** under any criminal justice sentence." (Appellant's Br. at 6-7).

But this argument ignores the legal effect of the Colorado court's probation violation warrant, which was issued in January 2008. Specifically, USSG § 4A1.1(d) authorizes two additional criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Pursuant to USSG § 4A1.2(m), if the instant offense is committed while a probation violation warrant from an earlier sentence is outstanding, the defendant "shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such a warrant." A probationary sentence is, of course, "otherwise countable." USSG § 4A1.2 cmt. n.2.

Relying on information set forth in the presentence report ("PSR"), the district court determined that Castilla was

3

"under" a probationary sentence when he committed the instant federal offense in November 2011 because the Colorado court's probation violation warrant remained outstanding. Nothing in the PSR suggested that the warrant had been executed, served, or revoked.

Castilla counters by arguing that "there is no evidence in the record to show '*any violation warrant from a prior sentence is still outstanding.*'" (Appellant's Br. at 8) (quoting USSG § 4A1.1(d) cmt. n.4). Castilla theorizes that, because the violation warrant was issued to ascertain his deportation status and it is now certain that he was removed to Mexico before the warrant was issued, it would have been vacated.[*] (Id. at 8-9).

We simply cannot accept Castilla's supposition on this point. It is the defendant's burden to submit proof to support his refutation of an item contained in a PSR, see United States

---

[*] In conjunction with this argument, Castilla points us to United States v. Baty, 931 F.2d 8, 10-11 (5th Cir. 1991), in which the Fifth Circuit held that a defendant is not under a criminal justice sentence when, at the time of the federal offense, there is an outstanding motion to revoke the defendant's state probation but no capias has been issued. But Baty is distinguishable in that, here, there was an actual violation warrant. Moreover, Baty's continued relevance is questionable, given that it was decided prior to enactment of USSG § 4A1.2(m) and commentary note 4 to USSG § 4A1.1, which directly address the significance of an outstanding violation warrant.

4

v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) ("The defendant bears the burden of establishing that the information relied upon by the district court — here the PSR — is erroneous."), and Castilla adduced no evidence to demonstrate that the Colorado court had revoked or invalidated the violation warrant upon learning of his removal. Moreover, at sentencing, the district court may consider hearsay information that "has sufficient indicia of reliability to support its probable accuracy," USSG § 6A1.3(a), p.s., and the probation officer explained that she had "court documents" and a "printout" of the state court record, which reflected the issuance of a violation warrant. Finally, we note that the sentencing court is under no obligation to independently consider whether an outstanding warrant is stale or whether state authorities were lax in executing the warrant. See United States v. Davis, 313 F.3d 1300, 1305-06 (11th Cir. 2002); United States v. Mateo, 271 F.3d 11, 16 (1st Cir. 2001); United States v. Anderson, 184 F.3d 479, 481 (5th Cir. 1999); United States v. Elmore, 108 F.3d 23, 27-28 (3d Cir. 1997); see also United States v. Ramirez-Ramirez, 296 F. App'x 330, 330 (4th Cir. 2008). We thus conclude that Castilla has not demonstrated any error, let alone plain error, in the court's application of USSG § 4A1.1(d) in this case.

Because we discern no procedural error in the calculation of Castilla's criminal history score, which is the

sole issue presented for our consideration, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED