# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2016

Lyle W. Cayce
Clerk

No. 15-50238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR GONZALEZ-VENEGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-258

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Victor Gonzalez-Venegas (Gonzalez) pleaded guilty to being found in the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 27 months in prison, to be followed by a three-year term of supervised release. On appeal, he argues that the district court misapplied the Sentencing Guidelines when it added two points to his criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history score under U.S.S.G. § 4A1.1(d) because he was no longer under his sentence of probation for his 1998 New Mexico conviction.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). Section 4A1.1(d) of the Sentencing Guidelines provides that two points shall be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(d). The section applies "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation." § 4A1.1, comment. (n.4). For purposes of § 4A1.1(d), a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding, e.g., a probation, parole, or supervised release violation warrant, shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent the violation warrant. U.S.S.G. § 4A1.2(m); *see also* § 4A1.1(d), comment. (n. 4).

According to the presentence report, Gonzalez was sentenced to nine years in prison in May 1998, but the sentence was suspended and he was placed on probation for five years. In October 1998, Gonzalez was deported. On April 20, 1999, a revocation warrant was issued against Gonzalez, which remained outstanding through Gonzalez's return to the United States in November 2003 and until he was convicted of the instant offense.

Based on these facts, Gonzalez insists that § 4A1.1(d) and § 4A1.2(m) should not apply to his case. He first argued that he should not be penalized because the revocation warrant was based on his failure to appear following

the deportation, even though reporting to his probation officer would have been impossible at that time.  Following the government's supplementation of the record with documents relating to the revocation warrant, however, Gonzalez conceded that the revocation warrant was based on his pre-revocation conduct and withdrew this contention.

Gonzalez also asserts that the six-month delay by the state of New Mexico before issuing the revocation warrant and the 15-year pendency of the warrant together show a lack of reasonable diligence and should render § 4A1.1(d) inapplicable.  In *United States v. Anderson*, 184 F.3d 479 (5th Cir. 1999), we held that for purposes of determining whether § 4A1.1(d) requires the inclusion of two criminal history points, "the Guidelines do not require us to assess the state authorities' diligence in executing a violation warrant.  Rather the two-point increase applies to any defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding." 184 F.3d at 481 (internal quotation marks and citation omitted).  Although Gonzalez maintains that the delays constitute a due process violation, he presents no binding authority overruling *Anderson*.  One panel of this court may not overrule a prior decision of another panel in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).  Gonzalez has not shown that the district court erred in imposing the criminal history points under § 4A1.1(d) and § 4A1.2(m). *See Caldwell*, 448 F.3d at 290.  The judgment of the district court is AFFIRMED.