# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2022

Lyle W. Cayce
Clerk

No. 21-30708
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODERICK A. DAVIS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:21-CR-2-1

---

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Roderick Davis appeals the sentence imposed on his conviction of two counts of possession of a firearm after felony conviction. He contends that the district court procedurally erred by assessing two criminal history points under U.S.S.G. § 4A1.1(d) based on its determination that he committed his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

offenses while under a criminal justice sentence. Davis urges that under Louisiana law, his terms of probation for the relevant prior offenses had expired by the time he committed the instant offenses—specifically, that the bench warrants issued in those prior cases did not extend his terms of probation because authorities failed to execute the warrants when they had the opportunity to do so. In his reply brief, Davis also appears to contend that the type of bench warrants issued related to his deferred-adjudication sentence and did not extend his probation under Louisiana law.

As Davis concedes, because he did not present this argument in the district court, his claim is reviewed for plain error only. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). To establish plain error, an appellant must show, *inter alia*, a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under § 4A1.1(d), two points are added "if the defendant committed the instant offense while under any criminal justice sentence," including probation. For purposes of § 4A1.1(d), "a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding," including a warrant related to probation, "shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant." U.S.S.G. § 4A1.2(m). These guidelines provisions "do not require us to assess the state authorities' diligence in executing a violation warrant." *United States v. Anderson*, 184 F.3d 479, 481 (5th Cir. 1999).

Davis fails to show that the district court clearly or obviously erred. *See Puckett*, 556 U.S. at 135; *Anderson*, 184 F.3d at 481. Accordingly, the judgment is AFFIRMED.